FILED

APR 16 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PETER ECLOUS WASWA, | No. 10-70124 |
| Petitioner, | |
| | Agency No. A071-625-529 |
| v. | |
| | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 9, 2012
Pasadena, California

Before: FARRIS, CLIFTON, and IKUTA, Circuit Judges.

Peter Eclous Waswa petitions for review of the December 31, 2009 order of

the Board of Immigration Appeals which affirmed the decision of the Immigration

Judge and denied Waswa's applications for asylum, withholding of removal and

relief under the Convention against Torture. We deny the petition as to all three

claims.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Although review of the BIA's decision alone is sufficient to dispose of this case, it is appropriate for us to consider the reasoning of both the IJ and the BIA. See Ahir v. Mukasey, 527 F.3d 912, 916 (9th Cir. 2008). Because the BIA explicitly stated that it had no disagreement with the IJ's decision and reiterated the IJ's reasoning, our review should include the decision of the IJ as it was incorporated by the BIA. See Gutierrez v. Holder, 662 F.3d 1083, 1086 (9th Cir. 2011).

Turning to Waswa's substantive claims, substantial evidence supports the denial of relief. Although Waswa may have suffered past persecution, substantial evidence supports the finding of changed country conditions in Uganda. The State Department's 1997 Report states that "amnesty for former rebels . . . appears to be quite successful." The evidence does not compel a conclusion that the 2000 Amnesty Act, which was not relied upon by the BIA, precluded amnesty for Waswa as part of the program that has been in place since the early 1990's for all former rebels.

Further, the evidence of changed conditions was applied in a sufficiently individualized manner. The findings from the 1997 Report directly addressed Waswa's specific harms and circumstances and his fear of persecution upon returning to Uganda. See Gonzalez-Hernandez v. Ashcroft, 336 F.3d 995, 998-

2

1000 (9th Cir. 2003).  There is substantial evidence that amnesty applies to all "former rebels" like Waswa.  Additionally, the 1997 Report specifically addressed asylum applicants like Waswa, and noted that "membership and even leadership roles in one of the opposition political parties or movements does not mean that the person is in danger in Uganda today."  Thus, the changed conditions relate specifically to Waswa's fears in returning to Uganda.

Waswa also asserts that some of his proffered evidence rebuts a finding of changed circumstances.  None of this evidence, however, compels a conclusion contrary to the IJ and BIA.  Even assuming that Waswa's testimony regarding what he was told by his sister and his children is not as inconsistent as the IJ found, the testimony is too vague to compel a reasonable adjudicator to conclude the BIA was incorrect.  See Tamang v. Holder, 598 F.3d 1083, 1094-95 (9th Cir. 2010).  Coupled with the fact that the army was "looking for" Waswa during the two years he was in Uganda after deserting, but never found him, the evidence from Waswa's children and sister does not weigh heavily in favor of Waswa's fear of future persecution.  Further, even though the IJ found Waswa to be generally credible as to his past persecution and fear of return, this did not require the IJ to accept every specific aspect of Waswa's testimony.  See Toufighi v. Mukasey, 538 F.3d 988, 994-95 (9th Cir. 2008).

The BIA conducted a legally appropriate individualized analysis of the evidence of changed circumstances by relying on the documentation of amnesty for rebel combatants that has been in place in Uganda since the mid-1990's.  A reasonable adjudicator would not be compelled to conclude to the contrary of the BIA's denial of asylum, withholding of removal, or relief under CAT.

**PETITION DENIED.**